SEP 26 2019

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>SEVEN SEAS FISH COMPANY, LTD.<br>  (a/k/a 7Seas) and<br>JOHN HERAS,<br><br>Defendants. | CASE NO. CR19-181<br><br>INFORMATION (Misdemeanor)<br><br>Title 21, United States Code, 331(ee), and 333(a)(1). |

The United States Attorney charges that:

At all times relevant to this Information:

**A.   Introduction**

1.   SEVEN SEAS FISH COMPANY, LTD. (hereafter, SEVEN SEAS), was a seafood processor and wholesaler based in Richmond, British Columbia, Canada. SEVEN SEAS was a family-owned and operated business which sold and shipped seafood within the Lower Mainland of Canada, into the United States, and across the North American continent.

2.   JOHN HERAS was a citizen and national of Canada, and was an owner of SEVEN SEAS.

3.   The Food and Drug Administration (FDA) was an agency of the United States Government, responsible for protecting the public health by regulating food,

INFORMATION/HERAS/SEVEN SEAS - 1
USAO2015R00127

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

human drugs, cosmetics, tobacco products and other items. Imported food had to meet the same health and legal standards as food domestically-produced before being allowed into the stream of commerce in the United States.

4. The FDA enforced the Federal Food, Drug, and Cosmetic Act (hereafter the "FDCA").

5. Under the provisions of the FDCA, importers of food products intended for introduction into United States were responsible for ensuring that the food was safe, sanitary, and labeled according to United States requirements. To insure food safety and compliance with the United States law, imported food products were subject to FDA inspection when offered for import at a United States port of entry.

6. The United States Customs and Border Protection (CBP) was an agency of the United States responsible for, among other things, the examination of merchandise brought into the United States to ensure that it was admissible and in compliance with United States laws and the assessment and collection of duties, taxes, and fees on imported merchandise. Customs laws and regulations required that importers provide various information, including, but not limited to, a description of the goods to be imported and the country of origin.

7. The FDA could detain or refuse entry into the United States of a shipment of food offered for import if the shipment was not in compliance with United States requirements. When a product was detained because it violated FDA laws and regulations, the importer of record could submit an application to the FDA requesting permission to re-label or recondition the product in an attempt to bring it into compliance. An importer's application for reconditioning was subject to FDA approval. However, if the FDA generated a Refusal Notice, which was not appealable, the food had to be either destroyed or exported.

8. The destruction or the exportation of refused foods was required to be accomplished under the supervision of Customs and Border Protection (CBP) or FDA within 90 days of the date of the Refusal Notice.

INFORMATION/HERAS/SEVEN SEAS - 2
USAO2015R00127

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

9. Articles referred to as corvina fish (corvina) were food within the meaning of the FDCA. 21 U.S.C. § 321(f).

10. A food was deemed adulterated if, among other possibilities, "it consist[ed] in whole or in part of any filthy, putrid, or decomposed substance, or if it [was] otherwise unfit for food." 21 U.S.C. § 342(a)(3).

11. The FDCA prohibited the importing or offering for import into the United States of an article of food without providing notice to the Secretary of Health and Human Services of any country to which the food had been previously refused entry. 21 U.S.C. §§ 331(ee), 381(m); 21 CFR § 1.281(a)(18).

B. Factual Background

*June 2014 Attempted Importation of Corvina Fish at Otay Mesa Port of Entry*

12. On or about June 10, 2014, SEVEN SEAS presented a shipment of 485 cases of frozen corvina fish fillets for entry into the United States from Mexico at the Otay Mesa Port of Entry (POE). The total weight of the shipment was 5,500 kilograms.

13. The cartons were labeled "Frozen Corvina Fillets Bone out Skin off," a product of Mexico, destined for USA, with a processed date of May 2014.

14. On or about June 17, 2014, FDA Consumer Safety Officers (CSOs) examined representative samples of the lots in the shipment by sensory analysis and found a third of the samples were more than 20% decomposed and putrid, causing them to be deemed adulterated by the FDA under 21 U.S.C. § 342(a)(3).

15. The shipment was detained by FDA. Notice of the detention, and the basis for the detention, were provided in writing to the customs broker for SEVEN SEAS, on or about June 20, 2014.

16. On July 9, 2014, SEVEN SEAS provided a proposal to recondition the corvina.

17. On July 10, 2014, an FDA Compliance Officer (CO) responded to a SEVEN SEAS executive, and others, that reconditioning of the corvina would not be considered.

INFORMATION/HERAS/SEVEN SEAS - 3
USAO2015R00127

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

18. The shipment was refused entry into the United States, and a Refusal Notice was issued to SEVEN SEAS on or about July 15, 2014. The basis for the refusal was listed as adulteration under 21 U.S.C. § 342(a)(3), per the sensory analysis.

19. On July 21, 2014, D.K., a SEVEN SEAS executive, emailed the FDA CO in response to the Refusal Notice, stating that SEVEN SEAS believed that the majority of the corvina was good, that it planned on re-testing the product in Canada, and selling it within Canada.

20. SEVEN SEAS requested and received permission from FDA to transit the shipment of Refused Food through the United States for export into Canada without it entering the stream of commerce in the United States, as is permissible under FDA regulations.

21. Knowing that it had previously been refused entry to the United States, JOHN HERAS inspected and otherwise examined samples of the corvina, by smell and sight, after it arrived at the SEVEN SEAS plant.

22. JOHN HERAS encouraged others within SEVEN SEAS to sell the previously refused corvina to a customer in Washington State.

*Re-Importation of Corvina at Blaine POE, September 24, 2014-August 14, 2015*

23. Between October 2014 and August 14, 2015, SEVEN SEAS and JOHN HERAS imported and caused the importation of approximately eight separate shipments from Canada to the United States, which contained the previously refused frozen corvina fillets. The total weight of corvina in these shipments was about 9,020 pounds.

//

//

//

INFORMATION/HERAS/SEVEN SEAS - 4
USAO2015R00127

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## COUNT 1
### (Importation of Previously Refused Food)

24. Paragraphs 1-23 of this Information are incorporated by reference as if set forth fully herein.

25. Beginning in or about October 2014 and continuing through August 14, 2015, at Blaine, within the Western District of Washington, JOHN HERAS and SEVEN SEAS FISH COMPANY, LTD., did import, offer for import, and cause the import and offering for import, from Canada into the United States, food, specifically approximately 9,020 pounds of frozen corvina fillets, bone out and skin off, a product of Mexico processed in May 2014, without providing the notice required by 21 U.S.C. § 381(m) and 21 C.F.R. § 1.281(a)(18) that the food had previously been refused entry into the United States by United States Customs and Border Protection and the United States Food and Drug Administration import authorities on or about July 15, 2014.

All in violation of Title 21, United States Code, Sections 331(ee) and 333(a)(1).

DATED this 26th day of September, 2019.

BRIAN T. MORAN
United States Attorney

ANDREW C. FRIEDMAN
Assistant United States Attorney

MATTHEW D. DIGGS
Assistant United States Attorney

INFORMATION/HERAS/SEVEN SEAS - 5
USAO2015R00127

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970