1

_____ FILED  _____ ENTERED
_____ LODGED  _____ RECEIVED

Magistrate Judge Mary Alice Theiler

2

3

**OCT 18 2019**

4

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                              DEPUTY

5

6

7

8

9

10

**UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

11

12

UNITED STATES OF AMERICA,

NO. CR19-181 MAT

13

Plaintiff.

**PLEA AGREEMENT**

14

v.

**(Misdemeanor)**

15

SEVEN SEAS FISH COMPANY, LTD.
(a/k/a 7SEAS),

16

17

Defendant.

18

19     The United States of America, by and through Brian T. Moran, United States

20  Attorney for the Western District of Washington, and Matthew Diggs, Assistant United

21  States Attorney, SEVEN SEAS FISH COMPANY, LTD. ("Seven Seas"), and its attorney

22  Todd Maybrown, enter into the following Agreement, pursuant to Federal Rule of

23  Criminal Procedure 11(c)(1)(B):

24     1.     **The Charge.**  Defendant, having been advised of the right to have this

25  matter tried before a jury, agrees to waive that right and enter a plea of guilty to the

26  following charges in the Information:  Importation of Previously Refused Food, in

27  violation of Title 21, United States Code, Sections 331(ee) and 333(a)(1).

28

U.S. v. SEVEN SEAS FISH CO.
PLEA AGREEMENT - 1

By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering the guilty pleas, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.      **Elements of the Offenses.**  The elements of the offenses to which Defendant is pleading guilty are as follows:

a.      **Importation of Previously Refused Food**

First, the article at issue must be a food that was previously refused entry by any country;

Second, the food must have been later imported, offered for import, caused to have been imported, or caused to have been offered for import into the United States; and

Third, no notice was provided to the Secretary of Health and Human Services of the prior refusal.

3.      **The Penalties.**  Defendant understands that the statutory penalties for Importing Previously Refused Food, as charged in the Information are as follows:  A fine of up to two hundred thousand dollars ($200,000), pursuant to Title 18, United States Code, Section 3571(c)(5), a period of probation of up to five (5) years, and a mandatory special assessment of $125.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4.      **Rights Waived by Pleading Guilty.**  Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

U.S. v. SEVEN SEAS FISH CO.
PLEA AGREEMENT - 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.  The right to plead not guilty and to persist in a plea of not guilty;

b.  The right to a speedy and public trial before a jury of his or her peers;

c.  The right to the effective assistance of counsel at trial;

d.  The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.  The right to confront and cross-examine witnesses against Defendant at trial;

f.  The right to compel or subpoena witnesses to appear on defendant's behalf at trial;

g.  The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.  The right to appeal a finding of guilt or any pretrial rulings.

5.  **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

6.  **Statement of Facts**. Defendant admits it is guilty of the offenses charged in the information. The parties agree on the following facts:

At all times relevant to this statement of facts:

Background

a.  The United States Food and Drug Administration ("FDA") was an agency of the United States charged with the responsibility of protecting the health and safety of the American public by enforcing the Federal Food, Drug, and Cosmetic Act (hereinafter the FDCA) and by ensuring, among other things, that food was safe, sanitary and bore labeling containing true and accurate information.

b.  The United States Customs and Border Protection (CBP) was an agency of the United States responsible for, among other things, the examination of merchandise brought into the United States to ensure that it was admissible and in compliance with United States laws and the assessment and collection of duties, taxes, and fees on imported merchandise. Customs laws and regulations required that importers provide various information, including, but not limited to, a description of the goods to be imported and the country of origin.

U.S. v. SEVEN SEAS FISH CO.
PLEA AGREEMENT - 3

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c.      Articles referred to as corvina fish ("corvina") were food within the meaning of the FDCA because they were used for food or drink for man and formed components of articles used for food or drink for man.

d.      The FDCA prohibited the importing or offering for import into the United States of an article of food without providing notice of any country to which the food had been previously refused entry.  21 U.S.C. §§ 331(ee), 381(m); 21 CFR § 1.281(a)(18).

e.      Seven Seas was a seafood processor and wholesaler based in Richmond, British Columbia, Canada.  Seven Seas was a family-owned and operated business which sold and shipped seafood within the Lower Mainland of Canada, into the United States, and across the North American continent.

f.      On or about June 10, 2014, Seven Seas presented a shipment of 485 cases of frozen corvina fish fillets for entry into the United States from Mexico at the Otay Mesa Port of Entry (POE).  The total weight of the shipment was 12,100 pounds.

g.      On or about June 17, 2014, FDA Consumer Safety Officers (CSOs) examined representative samples of the lots in the shipment by sensory analysis and found a third of the samples were more than 20% decomposed and putrid, causing them to be deemed adulterated under 21 U.S.C. § 342(a)(3).   The shipment was detained by FDA.  Notice of the detention, and the basis for the detention, were provided in writing to the customs broker for Seven Seas, on or about June 20, 2014.

h.      The shipment was refused entry into the United States, and a Refusal Notice was issued to Seven Seas on or about July 15, 2014.  The refusal was based on the FDA's determination that the food was adulterated, and appeared to consist in whole or in part of a filthy, putrid, or decomposed substance or to be otherwise unfit for food, per the sensory analysis, confirmed by a National Seafood Sensory Expert (NSSE).   Seven Seas requested and received permission from FDA to transit the shipment of Refused Food through the United States for export into Canada without it entering the stream of commerce in the United States, as is permissible under FDA regulations.

i.      Between October 2014 and August 2015, Seven Seas imported approximately 9,020 pounds of the previously refused corvina into the United States from Canada without notice to the Secretary of Health and Human Services of its previous refusal of admission, a violation of Title 21, United States Code Sections 331(ee) and 381(m); Title 21, Code of Federal Regulations Section 1.281(a)(18).

7.      **United States Sentencing Guidelines**.  Defendant understands and acknowledges that the United States Sentencing Guidelines promulgated by the United

U.S. v. SEVEN SEAS FISH CO.
PLEA AGREEMENT - 4

1  States Sentencing Commission are applicable to the sentencing in this case for advisory

2  purposes, except that pursuant to USSG §§ 8C2.1, Chapter 8 of the United States

3  Sentencing Guidelines does not apply to determine the appropriate fine in this case.

4  Defendant understands and acknowledges that, at sentencing, the Court must consider

5  the factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the

6  nature and circumstances of the offenses; (2) the history and characteristics of the

7  defendant; (3) the need for the sentence to reflect the seriousness of the offense, to

8  promote respect for the law, and to provide just punishment for the offense; (4) the need

9  for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the

10  sentence to protect the public from further crimes of the defendant; (6) the need to

11  provide the defendant with educational and vocational training, medical care, or other

12  correctional treatment in the most effective manner; (7) the kinds of sentences available;

13  (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted

14  sentence disparity among defendants involved in similar conduct who have similar

15  records. Accordingly, Defendant understands and acknowledges that:

16           a.      The Court will determine Defendant's applicable Sentencing

17  Guidelines range at the time of sentencing;

18           b.      After consideration of the Sentencing Guidelines and the factors in

19  18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the

20  maximum fine and term of probation authorized by law;

21           c.      The Court is not bound by any recommendation regarding the

22  sentence to be imposed (to include fine, terms of probation, or restitution), or by any

23  calculation or estimation of the Sentencing Guidelines range offered by the parties or the

24  United States Probation Department, or by any stipulations or agreements between the

25  parties in this Plea Agreement; and

26           d.      Defendant may not withdraw the guilty plea solely because of the

27  sentence imposed by the Court.

28

U.S. v. SEVEN SEAS FISH CO.
PLEA AGREEMENT - 5

1    8.    **Acceptance of Responsibility.**  The United States acknowledges that if

2  Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG

3  § 3E1.1(b), and if Defendant's offense level exceeds 16, the total offense level should be

4  decreased by three levels (or two levels if the offense level is less than 16) because

5  Defendant has clearly demonstrated acceptance of responsibility for the offense and has

6  assisted the government by timely notifying the authorities of Defendant's intention to

7  plead guilty.

8    The parties agree they are free to present arguments regarding the applicability of

9  all other provisions of the United States Sentencing Guidelines.  Defendant understands,

10  however, that at the time of sentencing, the Court is free to reject these stipulations, and

11  is further free to apply additional downward or upward adjustments in determining

12  Defendant's Sentencing Guidelines range.

13    9.    **Sentencing Agreement.**  Pursuant to Rule 11(c)(1)(B) of the Federal Rules

14  of Criminal Procedure, the parties agree to jointly recommend at the time of sentencing

15  that the Court impose the following sentence:

16    a.    <u>Fine.</u>  Defendant shall pay a criminal fine in the amount one hundred
17  fifty thousand dollars ($150,000).   The agreed fine amount is not binding on the Court,
     and the Court may impose any amount up to the statutory maximum fine.
18

19    b.    <u>Payment of Fine and Assessment.</u>  Defendant agrees that all
     monetary penalties imposed by the Court, including fines and special assessments, shall
20  be paid on the date of sentencing.

21
       c.    <u>Probation.</u>  Defendant will be placed on organizational probation for
22  a period of three (3) years pursuant to USSG §§ 8D1.1 and 8D1.2.  The parties agree the
     Defendant can petition the Probation Office no earlier than two years following entry of
23  the judgment to terminate the probationary term.   The defendant agrees that the Court
24  should impose the following special conditions of probation, in addition to any
     mandatory conditions:
25

26       i.    Seven Seas' seafood imports to the United States shall be
     subject to increased surveillance through the FDA's PREDICT System during the period
27  of probation.

28

U.S. v. SEVEN SEAS FISH CO.
PLEA AGREEMENT - 6

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101
(206) 553-7970

1
2          ii.     Seven Seas shall use a single Company Name, Firm
Establishment Number (FEI) (3000166283), and Data Universal Numbering System
(DUNS) number (256797069), for all imports to the United States during the period of
3   probation.

4
5          d.     Restitution.  Restitution is not applicable in this case, and the fine
and special assessment imposed here should represent the full extent of the monetary
penalty to be imposed on the Defendant pursuant to this plea agreement.
6

7          10.    **Abandonment of Seized Contraband.**  As to the following items: 13

8   boxes of frozen corvina and 39 boxes frozen other fish seized September 9, 2015, at

9   Blaine, Washington, under CBP case # 2015300400056601 and held by CBP at URS

10  storage facility, Blaine, Washington, Defendant abandons any and all interest in these

11  items and consents to their federal administrative forfeiture, official use, and/or

12  destruction by the federal law enforcement agent that seized the items.

13         11.    **Non-Prosecution of Additional Offenses**.  As part of this Plea Agreement,

14  the United States Attorney's Office for the Western District of Washington agrees not to

15  prosecute Defendant for any additional offenses known to it as of the time of this

16  Agreement that are based upon evidence in its possession at this time, and that arise out

17  of the conduct giving rise to this investigation, and to move to dismiss the remaining

18  counts in the indictment at the time of sentencing.

19         In this regard, Defendant recognizes the United States has agreed not to prosecute

20  all of the criminal charges the evidence establishes were committed by Defendant solely

21  because of the promises made by Defendant in this Agreement.  Defendant agrees,

22  however, that for purposes of preparing the Presentence Report, the United States

23  Attorney's Office will provide the United States Probation Office with evidence of all

24  conduct committed by Defendant.

25         Defendant agrees that any charges to be dismissed before or at the time of

26  sentencing were substantially justified in light of the evidence available to the United

27  States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

28

U.S. v. SEVEN SEAS FISH CO.
PLEA AGREEMENT - 7

1   with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119

2   (1997).

3        12.    **Corporate Authorization.**  Defendant represents that it is authorized to

4   enter into this Agreement and to bind itself and any subsidiaries to the terms of this

5   Agreement.  On or before the date of entry and filing of the Plea Agreement, Defendant

6   shall provide the United States Attorney's Office and the Court with a written statement,

7   under corporate seal, and properly authenticated under the laws of Canada, certifying the

8   Defendant corporation is authorized to enter into and comply with all the provisions of

9   this Plea Agreement; that a representative of Seven Seas Fish Company has been

10  authorized by Defendant to enter a guilty plea and attend sentencing hearing on behalf of

11  Defendant; and that the Defendant and its authorized representative have observed all

12  required corporate formalities for such authorizations.

13       13.    **Breach, Waiver, and Post-Plea Conduct.**  Defendant agrees that if

14  Defendant breaches this Plea Agreement, the United States may withdraw from this Plea

15  Agreement and Defendant may be prosecuted for all offenses for which the United States

16  has evidence.  Defendant agrees not to oppose any steps taken by the United States to

17  nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea

18  Agreement.  Defendant also agrees that if Defendant is in breach of this Plea Agreement,

19  Defendant has waived any objection to the re-institution of any charges in the Indictment

20  that were previously dismissed or any additional charges that had not been prosecuted.

21       Defendant further understands that if, after the date of this Agreement, Defendant

22  should engage in illegal conduct, or conduct that violates any conditions of release or the

23  conditions of his confinement, (examples of which include, but are not limited to,

24  obstruction of justice, failure to appear for a court proceeding, criminal conduct while

25  pending sentencing, and false statements to law enforcement agents, the Pretrial Services

26  Officer, Probation Officer, or Court), the United States is free under this Agreement to

27  file additional charges against Defendant or to seek a sentence that takes such conduct

28  into consideration by requesting the Court to apply additional adjustments or

U.S. v. SEVEN SEAS FISH CO.
PLEA AGREEMENT - 8

1  enhancements in its Sentencing Guidelines calculations in order to increase the applicable

2  advisory Guidelines range, and/or by seeking an upward departure or variance from the

3  calculated advisory Guidelines range.  Under these circumstances, the United States is

4  free to seek such adjustments, enhancements, departures, and/or variances even if

5  otherwise precluded by the terms of the plea agreement.

6      14.      **Waiver of Appellate Rights and Rights to Collateral Attacks.**

7  Defendant acknowledges that by entering the guilty plea required by this plea agreement,

8  Defendant waives all rights to appeal from Defendant's conviction and any pretrial

9  rulings of the court.  Defendant further agrees that, provided the court imposes a custodial

10  sentence that is within or below the Sentencing Guidelines range (or the statutory

11  mandatory minimum, if greater than the Guidelines range) as determined by the court at

12  the time of sentencing, Defendant waives to the full extent of the law:

13      a.      Any right conferred by Title 18, United States Code, § 3742, to

14  challenge, on direct appeal, the sentence imposed by the court, including any fine,

15  restitution order, probation or supervised release conditions, or forfeiture order (if

16  applicable); and

17      b.      Any right to bring a collateral attack against the conviction and

18  sentence, including any restitution order imposed, except as it may relate to the

19  effectiveness of legal representation; and

20      If Defendant breaches this Plea Agreement at any time by appealing or collaterally

21  attacking (except as to effectiveness of legal representation) the conviction or sentence in

22  any way, the United States may prosecute Defendant for any counts, including those with

23  mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea

24  Agreement.

25      15.      **Voluntariness of Plea**.  Defendant agrees that Defendant has entered into

26  this Plea Agreement freely and voluntarily and that no threats or promises, other than the

27  promises contained in this Plea Agreement, were made to induce Defendant to enter the

28  plea of guilty.

U.S. v. SEVEN SEAS FISH CO.
PLEA AGREEMENT - 9

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

16.     **Statute of Limitations.**  In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to:  (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

17.     **Interdependence of Plea Agreements**.  Defendant acknowledges that the United States has conditioned its willingness to enter into this Plea Agreement on the Court's acceptance of the guilty plea and Plea Agreement by John Heras, in this same case.  As a result, if either Defendant or John Heras fails to enter into, and plead guilty pursuant to the terms of, the respective Plea Agreements, or if either Defendant or John Heras later seeks to withdraw the resulting guilty pleas, the United States may, at its election, withdraw from either or both Plea Agreements.  If the United States chooses to withdraw from this Plea Agreement under these circumstances, Defendant understands that the United States will seek an Indictment against both parties for all crimes for which the United States has sufficient evidence.

//

//

//

U.S. v. SEVEN SEAS FISH CO.
PLEA AGREEMENT - 10

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1        18.    **Completeness of Agreement**.  The United States and Defendant

2    acknowledge that these terms constitute the entire Plea Agreement between the parties.

3    This Agreement binds only the United States Attorney's Office for the Western District

4    of Washington.  It does not bind any other United States Attorney's Office or any other

5    office or agency of the United States, or any state or local prosecutor.

6        Dated:  October _____18ᵗʰ_____, 2019.

7

8

9    SEVEN SEAS FISH CO. LTD

    By: _George Heras_

10    Authorized Corporate Representative

    On Behalf of SEVEN SEAS FISH CO. LTD.

11

12

13    TODD MAYBROWN

14    Attorney for Defendant Seven Seas

15

16    MATTHEW D. DIGGS

17    Assistant United States Attorney

18

19

20

21

22

23

24

25

26

27

28

U.S. v. SEVEN SEAS FISH CO.
PLEA AGREEMENT - 11

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970